**MEMO ENDORSED**

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 5, 2026

By ECF
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 3/5/2026

Re:   *Parada Campos v. Noem, et al.*, No. 26-cv-1818 (VEC)

Dear Judge Caproni,

This Office represents the government in the above-referenced immigration habeas corpus action, which was just transferred into this Court from the Eastern District of New York, where Petitioner misfiled the habeas petition on March 3, 2026, as she was located at 26 Federal Plaza in Manhattan at the time of filing. On the day the petition was filed, Judge Bulsara issued an order enjoining Petitioner's transfer out of either the Eastern District of New York or the Southern District of New York. Following transfer of this case, Judge Bulsara's injunction remains in place "unless or until the transferee court orders otherwise." I write respectfully to request that the Court promptly modify the injunction on transfer and permit Petitioner's transfer to a detention facility in the District of New Jersey, as discussed further below.

Petitioner is currently being held in ICE's temporary hold room at 26 Federal Plaza, New York, New York, where she has been held since late in the evening on March 1, 2026, pending placement at a detention facility, and where she remains at this time due to Judge Bulsara's injunction on transfer out of the Southern or Eastern Districts of New York. There are no ICE detention facilities for female ICE detainees in either the Southern or Eastern Districts of New York.[1] The government thus respectfully requests that the Court promptly modify the injunction on transfer to permit ICE to transfer Petitioner to an ICE facility within New Jersey. This modification would not affect the Court's jurisdiction over Petitioner's habeas action. *See, e.g.*, *Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025) (holding that habeas jurisdiction lies in the district where the petitioner is detained at the time of filing, even if the petitioner is later transferred to a different district); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 273 (S.D.N.Y. 2025) (same). Moreover, courts in this District, including this Court, routinely issue injunctions on transfer that include the District of New Jersey. *See, e.g.*, *Pastuna Pastuna v. Francis*, No. 26 Civ. 398 (VEC), ECF No. 5 (S.D.N.Y. Jan. 15, 2026) ("Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.").

---

[1] Because 26 Federal Plaza is not a detention facility, it does not have showers or beds. The temporary hold room is used to temporarily hold detainees during processing and pending transfer to a detention facility.

I thank the Court for its consideration of this request.

Respectfully,

JAY CLAYTON
United States Attorney
Southern District of New York

*/s/ Brandon M. Waterman*

BY:   BRANDON M. WATERMAN
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2743

cc:   Counsel of Record (by ECF)

Application GRANTED.        3/5/2026

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE